CUTRER, Judge.
Robert Dowden brought suit for damages he allegedly occasioned by the disconnection of electrical services to his residence in De-Quincy, Louisiana by the defendant electrical supplier, Central Louisiana Electric Co., Inc. (CLECO).
The plaintiff had been a customer of CLECO since 1942. During this time, he had become delinquent in the payment of his electrical bills several times and his electricity had been disconnected as a result thereof. He was reinstated each time by the payment of the past due bill plus a connection fee. On the occasion in question, a CLECO collection employee testified that notice was mailed by CLECO on February 13, 1975, for the January bill. The January bill was not paid. The employee further stated that on March 14th plaintiff was bill for both January and February. A disconnect notice was attached to this March statement notifying plaintiff that if the delinquent January bill was not paid within five days, the electricity would be disconnected. No payment was made, and on March 27th the plaintiff’s electricity was disconnected by CLECO. The electricity remained turned off until April 2, 1975, at which time plaintiff paid the delinquent bill plus the connection fee and was thus reinstated.
The plaintiff brought suit for the loss of food in the freezers of his home. It was stipulated that the value of the food was $1,200.00. After trial on the merits the trial judge rendered judgment in favor of the plaintiff and against the defendant for the stipulated sum of $1,200.00. CLECO appeals.
The issue on appeal is whether the utility company gave adequate notice to the customer when it mailed, by ordinary mail, the notice that the customer’s electricity would be disconnected if the delinquent bill was not paid within five days.
Plaintiff testified that he had left De-Quincy on March 25th for a five-day visit with his daughter in DeRidder. He stated that he did not receive, by mail or otherwise, any notice that his electricity would be disconnected. Upon his return home he found his electricity disconnected and the food in his two freezers had spoiled. He also testified that he had been delinquent several times in the past, resulting in his electricity being disconnected. He stated that each time he would pay the delinquent bill and connection fee for reinstatement.
The serviceman for CLECO, Quintan Cole, stated that his job includes the disconnection of service of delinquent customers. In this instance he followed his usual procedure. He stated he went to the plaintiff’s house; finding no one answering the door, he placed a red tag on the door notifying the plaintiff that he would return later that day to disconnect the electricity. This witness stated that he returned later and disconnected the electricity. Mr. Cole stated that he had disconnected plaintiff’s electricity on several occasions for nonpayment for service.
The trial judge took the position that the plaintiff must receive actual notice of CLE-CO’s intention to disconnect for a delinquency in payment of electrical bills. We disagree with this position.
The issue presented herein was passed upon by this court in the case of Sawyer v. Central Louisiana Electric Company, 136 So.2d 153 (La.App. 3rd Cir. 1962), certiorari denied February 26, 1962. The court held as follows:
“The next argument by plaintiff is that the Public Service Commission order requires personal service of a disconnect notice. We do not agree that it was the intent of this order that the disconnect notice be served, but rather that ordinary mailing of such notice is sufficient.
******
“The Public Service Commission order in this regard requires that prior to the discontinuance of a utility company’s ser *467 vice to its customers for nonpayment of bills, the customer must be served with a direct and specific notice of the company’s intention at least five days in advance of the actual discontinuance. .
“Having determined that the notice in question was mailed and that mailing this notice by ordinary mail complied with the Commission’s order, we cannot find that the defendant was guilty of any actionable fault.”
The Electric Service Agreement in this case, approved by the Public Service Commission, contained a provision very similar to that found in Sawyer. It provided as follows:
“The Company may suspend service at any time that the Customer fails to comply with these Terms and Conditions or with the provisions of any contract between the Customer and the Company. At least five (5) days notice will be given to the Customer by the Company of its intent to so suspend service except in cases of emergency or fraud.”
The mailing of the notice by CLECO by ordinary mail complied with the Public Service Commission requirement.
The plaintiff’s contention that this type of notice is unconstitutional under the holding of the case of Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), is without merit. Plaintiff urges that CLECO is a public body since it is regulated by the Public Service Commission and as such the above case is applicable. The fact that a utility is regulated by a state body does not convert that utility from a private utility company to a public body. The case of Jackson v. Metropolitan Edison Company, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) held as follows:
“Here the action complained of was taken by a utility company which is privately owned and operated, but which in many particulars of its business is subject to extensive state regulation. The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment. [Moose Lodge No. 107 v. Irvis] 407 U.S. [163], at 176-177, 92 S.Ct. [1965], at 1973, [32 L.Ed.2d 627]. Nor does the fact that the regulation is extensive and detailed, as in the case of most public utilities, do so. Public Utilities Comm’n v. Pollak, 343 U.S. 451, 462, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952). ...”
We hold that the mailing of the notice to the plaintiff by CLECO was adequate notice under the provisions of the agreement approved by the Public Service Commission. CLECO is not liable for plaintiff’s damages.
For these reasons, the judgment of the district court is reversed and it is now ordered, adjudged and decreed that plaintiff’s suit be dismissed at his costs.
REVERSED AND RENDERED.